## MILLER AND BURNETT V. L. D. HAYS.

PREËMPTION. On the 29th June, 1867, B. applied to the county surveyor for a file upon and survey of one hundred and sixty acres of land, claiming it as a preëmption under the Act November 12, 1866, and stating, in his application, that he believed it to be vacant, and that he had settled on it in February, 1866 ; C. filed on the same land in July or August, 1866 ; had it surveyed November 1, 1866, and received his patent August 9, 1869. In a suit by B. to compel the county surveyor to make a survey under his file of August 29, 1867, *Held,*

    1. That the Act of November 12, 1866, cannot be so construed as to give to B. the right to a survey of the land after it had been thus appropriated by C. Such a construction would change the legal position of the parties, and violate the Constitution in its provision against retroactive laws.

    2. Even if the law were otherwise, B. could not maintain a proceeding for mandamus against the surveyor, until after C.'s patent had been canceled by a decree of a court of competent jurisdiction.

APPEAL from Houston. Tried below before the Hon. L. W. Cooper.

The intervenor, J. H. Burnett, about the last of July, 1866, made a location upon the premises in controversy, which appear to have been then vacant, and a portion of the public domain, subject to location by any valid certificate; the land was regularly surveyed by the county surveyor, on the 1st of November, 1866, and on the 9th of August, 1869, a patent was duly issued to him.

At the time of this location by the intervenor, the appellee was on the land, but in what right, is not alleged by the pleading.

On the 29th of June, 1867, the appellee made a file, as preëmptor on the premises in suit, under the Act of 12th of November, 1866.   (2 Paschal's Digest, Articles 7058, 7063.)

This application was rejected by the county surveyor, on the ground that the land had been located previous to the passage of the above recited acts, and was no longer vacant.

On the 19th day of December, 1870, the appellee filed his petition for a mandamus against the county surveyor of Houston county, to compel him to survey said land for the appellee.

The surveyor answered, setting up substantially the above facts; and on the 18th of April, 1871, J. H. Burnett intervened, claiming the land by virtue of his certificate, location, survey, and patent.

A jury was waived, and the questions of law as well as of fact submitted to the court, when a mandamus was awarded in favor of the appellee, whereupon the intervenor appealed.

The only question brought before this court by the record and assignment of errors is the correctness of the action of the District Court in awarding the mandamus.


*Hancock, West & North,* for appellant, Burnett, contended:

*First.* That the Act of November 1, 1866, was in conflict with the Constitution of the State (Article 1, Section 2); in conflict with the XIVth Amendment to the Constitution of the United States; in conflict with the Acts of Congress known as

the Reconstruction Laws, because it sought to deprive a class of the people of Texas of rights which it sought to confer on the white population.

*Second.* That the appellee made his application under said Act on the 29th of June, 1867, that his application was refused by the county surveyor on the same day, that the appellee acquiesced in this decision for over three years; that in the meantime the general commanding this military district on the 6th February, 1869, prohibited any action being taken by any person whatever under said Act (2 Paschal's Digest, Note 1367, p. 1446), and that at that time such orders were the law of the land, and binding. (Grant *v.* Chambers, 34 Texas, 573.)

Consequently the appellee was prohibited from setting up any rights, and the surveyor from making any surveys under said Act of 12th of November, 1866, whatever effect may be given to it when this action was brought, and it should have been dismissed.

*Third.* That the Act of the 12th of November, 1866, was repealed by the Act of 12th August, 1870 (2 Paschal's Digest, Articles 7045–7049), passed before the institution of this suit, and that the appellee having failed to prosecute whatever rights the Act of 1866 conferred on him, if any, within the time required by that act, and having acquiesced in the action of the surveyor, without in any manner seeking to reverse the same, not only for a longer period than the time allowed him to make his survey under that Act (twelve months from settlement), but until long after that Act had been repealed by the Act of 1870; his rights, if he ever had any, were forfeited when he brought this action, and his petition should have been dismissed.

*Fourth.* That the appellee cannot claim the protection of the Act of August 12, 1870 (2 Paschal's Digest, Article 7052, 7053), because he did not comply with its provisions. He did not proceed under the application for recovery provided for in that Act, but upon his old application, and upon this ground, also, his petition should have been dismissed.

*Fifth.* That whatever effect may be given to the Act of 1866, and whatever construction may be given to that clause which provides that " all files, entries, locations, or surveys " made so as to interfere with the preference granted by this " Act, shall be null and void," can have no bearing on the case at bar.

The question was not whether the intervenor or the appellant had the better title to the land, but whether the appellant can be compelled to make the survey prayed for by the appellee (citing Woods *v.* Durett, 28 Texas, 440).

*Sixth.* That the intervenor, having made himself a party to this suit, and having exhibited his claims to the *locus in quo*, and showed diligence in the pursuit of his rights, while the appellee's evidence discloses that the latter was guilty of gross laches in the prosecution of his, if he ever had any, show that the equities of the intervenor, if the question of title be inquired into, are far superior to those of the appellee, and entitle the intervenor to a judgment for his favor.

*Seventh.* That this court, in the present case, should not declare the acts of the proper authorities in issuing the patent to the intervenor to be void. That action was within the scope of its jurisdiction, and cannot be attacked collaterally.

*Nunn & Williams,* for appellee. We think the only inquiry in this case is whether the land was vacant at the time of settlement, and had the State parted with its title at the passage of the Homestead Act. (See Cravens *v.* Brooke, 17 Texas, 274; Jennings *v.* DeCordova, 20 Texas, 513; Spier *v.* Laman, 27 Texas, 215.)

It will be observed that this Act of 1866 is even more liberal in its provisions for the settler than some of the previous preëmption laws, in this, that it provides that the settler's rights cannot be disturbed by any file, location, or survey made subsequent to such settlement, although it may have been made before the passage of the Act.

It has been decided by this court, if we be not mistaken,

that it is competent for the State to enforce such a rule at any time before she has actually consummated the grant by the issuance of the patent. (See Fowler *v.* Allred, 24 Texas, 184.)

We cannot believe the counsel for appellant are serious in asserting the unconstitutionality and illegality of the preëmption law of 1866, for the reasons they assign.

The Act was passed by the Legislature of Texas, chosen by her duly and legally qualified electors, according to the forms of law, and the laws of her own people, and was a partial disposition of her public domain in the mode that was deemed by the State to be best calculated to subserve the public weal; and the forcible interference therewith by the Federal military, under the color of laws whose friends and advocates were never willing to have duly tested by judicial opinion and investigation, would, we think, utterly fail to divest the appellee of his rights duly acquired by his settlement, and application to have surveyed to him his homestead.

The Constitution of the State whose provisions are invoked, as well as the amendment to the Federal Constitution were put into existence long after the appellee had acquired his right under the Act of 1866, and can have no sort of application to the questions of this case.

As for what is said by appellant of the laches and negligence of appellee, we can only reply that his application was made in due time; the surveyor who refused to comply with his request to survey was removed from office before appellee had time to file suit, and soon after the military appointed took charge of the office, an order from the commanding general was issued forbidding any proceedings under this Act. The courts then in existence were but appendages of military power, and knew only how to obey orders, but as soon as the military was withdrawn, the appellee asserts his rights by suit. We submit that no right was forfeited, and that the continued residence upon the land by appellee, with his application duly made, was notice to the world that he claimed the land as preëmptor.

We ask affirmance of the judgment.

REEVES, J.   It does not appear that the court acted on the exceptions of the intervenor, Burnett.   The only judgment rendered by the court was to award the peremptory mandamus directing the surveyor to survey for the appellee, Hays, the land described in his petition.   The questions in the case arise upon this judgment.

On the 29th day of June, 1867, the plaintiff, Hays, made application to the county surveyor for a file upon, and survey of, the land in controversy, claiming it as a preëmptor under the Act of November 12, 1866, donating one hundred and sixty acres of land to actual settlers upon the public domain.   He stated in his application that he believed the land was vacant, as contemplated by the Act of November 12, 1866, and that he had settled on it in February, 1866, and asked for a survey of one hundred and sixty acres, to include his improvements.

The application was rejected by the surveyor, because, as he stated, the land had been located previous to the passage of the Act of November 12.

It was shown on the trial that appellant, Burnett, had filed on the same land in July or August, 1866, and that his survey was made on the 1st day of November thereafter, and patented on the 9th day of August, 1869.

The first section of the Act of November 12, 1866, provides that "All white persons, being heads of families, or twenty-one "years of age, who have settled upon and improved, or who "may hereafter settle upon and improve a portion of the vacant "public domain, which has never been filed upon, located, or "surveyed by virtue of some genuine, legal, and valid certifi- "cate, or other evidence of title to land, previous to such settle- "ment and improvement, shall have the privilege of locating "and appropriating a tract of such vacant land, not to exceed "one hundred and sixty acres, so as to include said settlement "or improvement, in preference to all other claims or claimants, "and all files, entries, locations, or surveys made so as to inter-

" fere with the preference granted by this Act, shall be null and
" void."

The second section provides that " such settlers shall each,
" within twelve months from the passage of this Act, or within
" twelve months from the commencement of any such settle-
" ment which may hereafter be made, cause to be surveyed the
" amount of land for which such settler intends to claim pre-
" ëmption privileges."

The plaintiff's claim to this land as stated in his petition,
does not come within the protection of the decisions referred
to in the brief for him. In those cases the settlement and
improvement had been made during the time the statute
donating lands to settlers was in force, but the claimant had
failed to comply with the statute, and was relieved by subse-
quent legislation, as where he had neglected to return the
field notes of his survey within the time required by the stat-
ute, or had gone into possession under an imperfect or void
title. In such cases the settler had such equities as would pre-
vail over a survey made for another party in the interval be-
tween the old law and the passage of the relief law.

The plaintiff's claim as a preëmptor is not founded on any
law donating land to settlers on the public domain prior to the
Act of November 12, 1866, if any such law was in force at the
time of his settlement. His claim is based on the allegation
of his settlement and improvement made before the passage of
the Act of November 12, and that the land was vacant as
contemplated by that Act. There are no allegations of any
equities attaching to the plaintiff's claim arising out of previous
preëmption laws, or other evidence of a claim to the land
recognized as valid in law at the time of Burnett's survey, of
which the court could take cognizance. The land was open to
location and survey at that time, and has since then been
patented to Burnett.

The Act of November 12, in so far as it could be construed
as giving to Hays the right to a survey of the land after it had
been appropriated by Burnett, would change the legal position

of the parties, and give to Hays a remedy which he did not possess previously, and would violate the Constitution as a retroactive law.

It was proved on the trial that Daniel Dailey had filed on the land prior to 1865, but that his field notes had not been returned to the General Land Office, and that Dailey had surrendered to appellee, Hays, all his right in the land. It was further proved that Hays had said at one time that he held the land as tenant for Dailey, and again, that he had taken a preëmption under previous laws. If any right had accrued to Hays under Dailey's file, or as his tenant, or if he had taken a preëmption under former laws, it is not averred in the petition, and no relief was asked on these grounds.

If Hays was in a position to invoke the aid of the court on any of these grounds, it could not be done by mandamus before Burnett's patent was canceled by decree of the court, or if the facts justified it, Burnett might have been regarded as holding the legal title in trust for Hays, with a decree vesting in him the title, and so regarded, the mandamus would not be necessary.

As presented, the suit might properly be dismissed, but as the plaintiff may be able to amend and show other facts not averred in the petition, the judgment will be reversed, and cause remanded for further proceedings.

Reversed and remanded.